WILLIAMS v. HARRIS, Warden

No. 6689.  Decided June 16, 1944.  (149 P. 2d 640.)

See 24 C. J. S. Criminal Law, sec. 1571. Right to hearing before revocation of probation, note, 132 A. L. R. 1248. See, also, 15 Am. Jur. 139.

*Duncan & Duncan,* of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., and *Herbert F. Smart,* Asst. Atty. Gen., for respondent.

TURNER, District Judge.

This is an appeal from the judgment of the District Court of the Third Judicial District for Salt Lake County. The trial court, after admitting evidence in support of the petition for writ of habeas corpus, denied the writ and remanded the petitioner, the appellant here, back into the

custody of John E. Harris, Warden of the Utah State Prison, defendant in the original action and the respondent here.

The facts with which the court is concerned, as shown by the transcript, are neither complicated nor in dispute. The appellant, with three other young men, was charged with the crime of burglary in the second degree in the District Court of the Second Judicial District in and for Weber County. On the 12th day of December, 1932, plaintiff herein, one of the defendants in the above case, entered a plea of guilty. He waived time for passing of sentence and the court then stated:

"Well, the Court will suspend the imposition of sentence in the case of the four of you, who have entered a plea of guilty, until Monday, February 6th, 1933, at which time you will report back here, or Mr. Childs can report for you, as to your conduct. I will place you in custody of Mr. Childs and it is up to you gentlemen to straighten up. If you don't straighten out you will have to come in and be sent to the penitentiary, where they will straighten you out."

On the 6th day of February, 1933, appellant appeared in court with Mr. Childs and the latter made a favorable report regarding the boy's conduct. At this time the District Attorney stated to the court: "I do not want your Honor to lose jurisdiction of the boys." The court then made another order suspending imposition of sentence until April 24, 1933, and on that date made a similar order. Several of these were made from a definite date to a definite date. From the record it also appears that after making the first report with Mr. Childs, this young man was released upon his own recognizance.

The last time appellant was before the court prior to the revocation of the order of probation was September 25, 1933, at which time the court made a further order of suspension of imposition of sentence until December 18, 1933. On the 22nd of October, 1933, appellant was brought before the court in Weber County and appeared before the judge who had made the previous orders. Then the court asked appellant regarding his plea to the charge of burglary and if he had not been sentenced to the Utah State Prison recently

for a crime committeed in Utah County while under the court's order of probation. Appellant admitted that this was correct. The judge then sentenced appellant to be imprisoned for a term of not less than one nor more than twenty years.

In this action appellant contends that the trial court in Salt Lake County which refused to release him upon the hearing on the writ of habeas corpus erred for the reason that the court in Weber County was without jurisdiction when it imposed the sentence of imprisonment as stated above; that the trial court was without jurisdiction, it having suspended imposition of sentence and having placed the appellant on probation for a definite period, and appellant having complied with all the conditions of this probation, was entitled to his discharge, and that orders of the court of Weber County were made after the expiration of the term of appellant's probation, and were without any specific purpose or object and without any reference or relation to appellant's further probation, and void.

We readily accept the proposition that if the District Court of Weber County had no jurisdiction to pronounce sentence, the Court of Salt Lake County entertaining the writ of habeas corpus should have sustained the writ and released appellant from the State Prison.

The statute, which was in force and effect, and which is now controlling in 105-36-17, U. C. A. 1943, is as follows:

"Upon conviction of any crime or offense, if it appears compatible with the public interest, the court having jurisdiction may suspend the imposition or the execution of sentence and may place the defendant on probation for such period of time as the court shall determine. The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation. While on probation the defendant may be required to pay, in one or several sums, any fine imposed at the time of being placed on probation; may be required to make restitution or reparation to the aggrieved party or parties for the actual damages or losses caused by the offense for which conviction was had; and may be required to provide for the support of his wife or others for whose support he may be legally liable."

This statute was enacted by the Legislature in 1923. Prior to the enactment of this statute, the courts in this jurisdiction had inherent power to suspend sentences only for some definite period and for some specific temporary purpose. Long before the passage of the present statute, this court held that trial courts could suspend sentence temporarily for stated period from time to time. See *People* v. *Blackburn*, 6 Utah 347, 23 P. 759. In this latter case the court held that trial courts have no power wholly to relieve convicted persons from sentence; that only the pardoning power can do that. In the *Matter of Flint*, 25 Utah 338, 71 P. 531, 95 Am. St. Rep. 853, this court held that a suspension of sentence for an indefinite period is in effect an exercise of the functions of the pardoning power which belongs exclusively to the Board of Pardons, a separate and distinct department of the State government. This principle of law was again stated in the case of *Reese* v. *Olsen*, 44 Utah 318, 139 P. 941.

It is apparent that 105-36-17, supra, gives the court much greater latitude and power in suspending imposition of sentence than was previously had. Notice the following provision of the statute,

"The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation."

The purpose of this section is clearly reformatory. Since the enactment of the statute this court has held that "trial courts are not given authority to suspend sentences as a matter of favor or grace, but only 'when it appears compatible with public interest.'" Also, it announced that the right of personal liberty and suspended sentence "may not be alternatively granted and denied without just cause." Also, that "when a sentence is suspended during good behavior, *without reservations*, the person whose sentence is thus suspended has a vested right to rely thereon so long as such condition is complied with." *State* v. *Zolantakis*, 70 Utah 296, 259 P. 1044, 1046, 54 A. L. R. 1463.

We think it advisable to analyze the present matter, bearing in mind the holdings of this court in the Zolantakis case, supra. From the construction of the statute it is evident that the legislature intended trial courts should have considerable authority to reform wrongdoers. It never intended that trial courts should implant hope and faith into one with the right to destroy this as a whim, without just cause. The right to suspend imposition of sentence and the right to place one on probation is a discretionary right. One placed upon probation has a right to be heard as to whether he has violated the conditions upon which suspended sentence was based. *State* v. *Zolantakis*, supra; *Thompson* v. *Harris*, Warden, 106 Utah 32, 144 P. 2d 761, at page 767. Upon such a hearing, the trial court has discretionary power to continue probation or impose sentence, but to authorize termination of probation there must be some competent evidence of violation of the terms of probation. Violation of the terms and conditions of suspension or probation is usually a ground for revocation and the imposition of sentence. 24 C. J. S., Criminal Law, § 1572, p. 72; *People* v. *Lippner*, 219 Cal. 395, 26 P. 2d 457. When it appears that a trial judge has exercised discretion in suspending imposition of sentence or in revoking probation and imposing sentence, after a hearing as heretofore mentioned, the judgment of the trial court should not be molested.

The record discloses that when the first order of suspension of sentence was made it was made for a definite time. The boys, including appellant, were told to straighten up, that if they did not straighten up they would be sent to the penitentiary. From the record we believe the boys were placed on probation for the purpose of reformation. The trial judge was a man of experience. He knew he was dealing with boys, guilty of a serious offense, who had previously been in the reformatory. We do not believe that the judge when he placed the boys in the custody of Mr. Childs expected the time fixed then to be a full period of probation. The trial judge was carefully feeling his way

with these boys. He was endeavoring to save the youths from the stigma of prison. From what was said and done, we must conclude that this appellant and the other boys were released from time to time under the condition that they straighten up, that they do not violate the law. Experience tells us that we cannot expect to change a youth from bad habits and lawlessness to one of good conduct and dependable worthiness in a few days or a few weeks. Youth when badly damaged by disease or bad influence must have time to recover. That often there can be recovery is justification for suspension of sentence and probation.

We are of the opinion that the court purposefully continued suspension of sentence from a day certain to a day certain. It was dealing with juveniles; boys the court hoped to keep out of the penitentiary; doubtful cases, but worthy of care and consideration in the opinion of the trial judge. Before the time last fixed for him to appear, this appellant committed another crime in another jurisdiction. He had already admitted his guilt and had been sentenced to the State Prison when brought before the court in Weber County for revocation of suspension. He had failed to straighten up and was brought back, just as he had been told, for sentence in the event he did not straighten up.

We are of the opinion the trial court acted within the powers granted by the statute, and that it had jurisdiction to pronounce sentence to the State Prison as was done.

The judgment of the lower court in this case is affirmed.

WOLFE, C. J., and LARSON, McDONOUGH, and WADE, JJ., concur.

MOFFAT, J., deceased.