MOYE *v.* FUTCH.

DUCKWORTH, Chief Justice. 1. While a probation sentence can not be lawfully revoked, under Code § 27-2705, without notice to the probationer and an opportunity for him to be heard on the question of whether or not he has violated its terms (*Roberts* v. *Lowry,* 160 *Ga.* 494, 128 S. E. 746; *Plunkett* v. *Miller,* 161 *Ga.* 466, 131 S. E. 170; *Balkcom* v. *Gunn,* 206 *Ga.* 167, 56 S. E. 2d, 482), yet where, as here, the probationer was given due notice and was present at the time and place for the hearing, the judgment there rendered, revoking the probation, was not rendered void because he was neither allowed to testify and introduce witnesses in his own behalf, nor to cross-examine witnesses testifying against him. Such rulings could only render the judgment erroneous and, hence, subject to reversal on review.

2. The petition here, to obtain release from custody by the writ of habeas corpus, alleging revocation after notice and attacking the judgment revoking the probation upon the grounds that the court erroneously denied the probationer the privilege of testifying and introducing witnesses in his own behalf and of cross-examining witnesses who testified against him, while possibly showing that the judgment revoking his probation was erroneous, was, nevertheless, insufficient, in that it failed to show that judgment to be void, which is a requisite to such relief. *Aldredge* v, *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469); *Morris* v. *Peacock,* 202 *Ga.* 524 (43 S. E. 2d, 531). The court did not err in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

No. 17103. JUNE 13, 1950.

*J. T. Edwards,* for plaintiff.