CITY OF LIMA, APPELLEE, *v.* BEER, APPELLANT.

(No. 1000—Decided November 29, 1950.)

*Mr. Lee VanBlargen* and *Mr. I. B. Steele,* for appellee.

*Messrs. Light & Siferd,* for appellant.

MIDDLETON, J. This is an appeal on questions of law from a judgment of the Municipal Court of Lima.

On February 28, 1950, an affidavit was filed in the Municipal Court of Lima, charging that the defendant "Walter C. Beer did unlawfully keep or exhibit for gain or to win money a gambling device, to wit, tips at Manhattan Cigar Store, West High street, Lima, Ohio * * * contrary to an ordinance of said city in such cases made and provided."

To this charge the defendant, appellant herein, entered a plea of guilty, and, upon the plea of guilty, the court pronounced sentence as follows: "Fined $50 and court costs. Sentenced to thirty days in Toledo workhouse. Thirty days suspended provided the defendant cease and desist in the selling of gambling tickets known as tips. Violation of this order will result in thirty days in the Toledo workhouse by bench warrant."

Thereafter, on April 18, 1950, a warrant for the arrest of the defendant was issued out of the Municipal Court upon the affidavit of the municipal judge charging the defendant with violating the order of the court suspending the execution of sentence in that he permitted and engaged in the sale of gambling devices known as tips, contrary to the order of the court.

The defendant was arrested upon such affidavit and brought before the court.

Upon hearing, the following procedure is shown by the record:

"The Court: On March 1st, 1950, this defendant in case No. 33603, Walter Beer, appeared in this court, plead not guilty to a charge of keeping gambling devices, under Chapter 20, Section 22, of the Lima City 1949 Code, and then, on the 13th day of March, 1950, the defendant with his attorney, appeared in this court and withdrew his plea of not guilty and changed his plea to guilty. Whereupon, the court fined him fifty dollars and court costs, and sentenced him to thirty

days in the workhouse. The thirty days were suspended on condition that the defendant cease and desist in the selling of gambling tickets known as 'tips' in his store known as the Manhattan Cigar Store on West High street. Further admonition of the court was to the effect that the violation of this order will result in thirty days at the Toledo workhouse, by bench warrant.

"As of the 18th day of April, 1950, this court issued the bench warrant to the chief of police, stating that, whereas there had been a complaint filed with the court that there had been a sale of tips at the Manhattan Cigar Store on West High street, the court issued the bench warrant, stating that defendant herein had violated the order of the court in that he permitted and engaged in the sale of gambling devices known as 'tips'; and which is contrary to the order of this court which was made on the 13th day of March, 1950.

"Does defendant have anything to say before the court passes sentence?"

Counsel for defendant objected to such a summary disposition of the charge and asserted that until there had been shown a violation of the terms of suspension of sentence the defendant was not required to do or say anything.

The court thereupon called police officer Frankhauser who was sworn as a witness and was asked by the court whether he "produced to this court, evidence of purchasing gambling devices known as 'tips,' which were purchased at the store located on West High street, known as the Manhattan Cigar Store, owned and managed by one Walter Beer." The officer stated that he did. He was then asked whether he had the tips in his possession and he replied that he had. The court then asked defendant's counsel whether he desired to inquire of the witness. Upon cross-examina-

tion by defendant's counsel, the officer stated that he did not purchase the tips himself; that they were given to him outside the store by someone who told him he had purchased them there; and that he had watched the purchase but he did not know the name of the man who made the sale. He was then asked by counsel: "Who was the man who purchased the tips?" The court refused to require the witness to answer this question, and stated: "The court is satisfied, if you please, Mr. Siferd, that the tips were purchased; that they were purchased in the Manhattan Cigar Store." After some further cross-examination and a request by defendant that he be permitted to inquire the name of the person who purchased the tips, the court stated: "The court again states to eminent counsel for defense that the court is satisfied there was a sale and the court sees no need, because of the fact that the person or persons who purchased the tips are reputable persons, and therefore, this court, without further ado, is sentencing this defendant to thirty days in the Toledo workhouse."

From this order revoking the order suspending the execution of sentence, appeal is taken.

The defendant sets forth five assignments of error, the first three of which will be considered together.

The authority of a court to suspend the imposition of sentence is found in the provisions of Section 13451-8*b*, General Code, as follows:

"Any court sentencing a person for misdemeanor forbidden by statute or ordinance, may at the time of sentence remit the same or suspend said sentence in whole or in part, upon such terms as he may impose."

The suspension of sentence in the instant case was made upon the expressed and definite condition, to wit, that the defendant cease and desist in the selling of gambling tickets known as tips.

Such suspension of sentence is valid and binding upon the defendant, whether made with or without his consent.

The suspension of sentence being upon expressed and definite conditions, the defendant had the right to. rely upon such conditions, and so long as he complies with such conditions suspension of sentence cannot be revoked.

Revocation of the order suspending the execution of sentence can be made only upon evidence of a violation of the conditions set forth in the order suspending the sentence. To hold otherwise would subject a defendant to the whim and caprice of the particular. judge presiding over the court.

The determination of the question of whether the defendant has violated the condition of his probation set forth in the order suspending the sentence must be determined by judicial inquiry. At such judicial inquiry the defendant has the legal right to know, first, the facts which it is claimed show a violation of the condition of the order of suspension; second, the right to fully cross-examine the witnesses against him; and, third, a reasonable opportunity to be heard and present evidence refuting the claimed violation of the condition of suspension of sentence. Unless such a procedure is followed it cannot be said that there has been any judicial inquiry into the claimed violation of the court's order.

In the case of *Weber* v. *State*, 58 Ohio St., 616, 51 N. E., 116, 41 L. R. A., 472, which decision was rendered prior to the enactment of the statute controlling the case at bar, the court stated: "The suspension being in favor of the prisoner, is for his benefit, and is valid whether consented to by him or not. When the suspension is upon conditions expressed in the judgment, the prisoner has the right to rely upon such conditions,

and so long as he complies therewith the suspension will stand.''

Section 13451-8*b*, General Code, was enacted subsequent to the above-referred-to decision, and also subsequent to the decision in the case of *Municipal Court of Toledo* v. *State, ex rel. Platter,* 126 Ohio St., 103, 184 N. E., 1. This section was apparently enacted as a result of the latter decision so as to empower a court to suspend execution of sentence on definite conditions.

It clearly appears from the record that a full judicial inquiry was denied the defendant. He was denied the right to a full disclosure of the facts it was claimed established a violation of the order of suspension. He was entitled to know the name of the person who it was claimed made the purchase of tips, and a denial of this right was a denial of his absolute right to a full and complete cross-examination of the witnesses against him. Such refusal of the court to permit such cross-examination was prejudicial to the rights of the defendant.

The record is silent as to who sold the tips, silent as to who purchased the tips, and silent as to defendant's connection with such sale or his knowledge that tips were being sold. In short, the record fails to show a violation by the defendant of the conditions set forth in the order of suspension of execution of sentence.

It may be said that the defendant was offered the opportunity to deny the sale of tips, but this opportunity was given the defendant after the court had revoked the order of suspension and sentenced him to the Toledo workhouse. Denial of such sale at that stage in the proceedings could be of no avail.

The court finds that there is error in the court's judgment, prejudicial to defendant, in that the judgment of the court is contrary to law and also violates

530

the due process of law guaranty of the United States Constitution.

The welfare of society requires not only that those who violate the law be required to answer for such violation, but also that the rights of such person to a full and fair hearing be protected.

The court finds no other prejudicial error set forth in the assignments of error.

For the reasons herein stated, the judgment of the court revoking the order of suspension is reversed, and the defendant discharged.

*Judgment reversed.*

GUERNSEY, P. J., and JACKSON, J., concur.