Jack BROWN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14885.

United States Court of Appeals
Ninth Circuit.

Aug. 29, 1956.

Tobias G. Klinger, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Joseph F. Bender, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, ORR, and CHAMBERS, Circuit Judges.

ORR, Circuit Judge.

After conviction on three counts of an indictment charging him with violations of 50 U.S.C.A.Appendix, § 633, appellant Brown was sentenced to one year's imprisonment and a fine of $10,000 on count one.[1] On counts two and three he was placed on five years probation subject to the condition that he pay the sum of $20,000 assessed against him as a fine. The order for probation reads in part, "such fine to be paid at such times and in such installments as the probation officer of this Court shall direct." Appellant served one year's imprisonment pursuant to the judgment on count one. He served an additional month and was released November 15, 1950, upon the filing of an affidavit that he was unable to pay the $10,000 fine.

In 1951 appellant made a payment of $1500 on the $20,000 fines levied on counts two and three. No further payments were made. On or about December 13, 1951, appellant made an application for termination of probation and remission of the $20,000 fine. The application was denied without prejudice to his filing a subsequent application for the same relief.

Over a period of four years appellant made no payment on the fine. On July

1. The substance of the charge was selling houses to non-veterans in 1946 which contained materials given priority to veteran housing.

22, 1955, a petition for revocation of probation was filed, pursuant to 18 U.S. C.A. § 3653.[2]  A hearing on the petition was had, at which several witnesses testified.  At the conclusion of the hearing the District Court revoked and terminated the probation order.

On his appeal from said order of revocation appellant's chief contentions are that there was error in admission of certain evidence, and that there is no substantial evidence to support the revocation order.

▆▆▆▆  In considering the merits of appellant's contentions we are guided by the somewhat liberal latitude allowed a trial court in a proceeding of the character now before us.  Burns v. United States, 1932, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.  A full hearing must be given but in the conduct of the hearing more informality is permitted than in the trial of a criminal action; also the determination of whether or not probation should be revoked is governed by the exercise of sound discretion by the trial court.  Manning v. United States, 5 Cir., 1947, 161 F.2d 827, certiorari denied 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374; Bennett v. United States, 8 Cir., 1946, 158 F.2d 412, certiorari denied 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838.  There is no contention that appellant was not given a full and complete hearing.  He does complain, however, that the introduction into evidence of six letters written to appellant by the United States District Attorney were prejudicial.  The letters were in the nature of a demand that appellant pay the fine.  They were admissible as bearing upon the good faith of appellant which was in issue in the case.

The main contention presented for our consideration is whether the trial court abused its discretion in revoking the probation and in considering this question we view the evidence in the light most favorable to the Government.

A summary of the evidence sustaining the order of the Court follows.  Appellant was repeatedly contacted by a probation officer and told to make some regular payments, however small they might be.  He was contacted nineteen times over the four and one-half year period.  Appellant contends that no specific installment dates and sums were set for him by the probation officer as directed by the judgment, and hence, the probation order insofar as the payment of the fine was concerned never became operative.  The fine became due immediately upon the entry of judgment, and it appears that the manner and time of payment was fixed by the Probation Officer in very liberal terms.  He was directed to make some regular payments however small.  Appellant attempts to justify his failure to make small payments on the ground that he did not want to insult the government by paying a small amount on a large fine.  In assuming this attitude we think appellant was unduly sensitive.  The making of payments to the utmost of his financial ability would have demonstrated good faith and, as a practical matter, we have yet to hear of a reluctance on the part of the government to accept money due it however large or small the amount might be.

Significant of appellant's general attitude was a statement he made to a probation officer which was testified to at the hearing:

"The Court: Do you intend to convey to us that he said he wasn't going to pay it because he was unwilling to pay it, is that what you intend to convey to us?

"The Witness: Yes, sir.

2.  18 U.S.C.A. § 3653 provides:
"* * * At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. * * *
"As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him.  Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

"The Court: That is what you understood him to say?

"The Witness: That is what I understood him to say."

■ Of course a great conflict in the evidence appears in the record. It was the province of the trial court to resolve those conflicts; it credited the testimony of witnesses other than appellant. The trial court found that appellant wilfully refused to pay anything on the fine since the payment made in 1951. This in spite of the fact that appellant had, during said period, the financial ability to do so. This finding has substantial support in the evidence.

We see no abuse of discretion on the part of the trial court in revoking its order granting probation.

Judgment affirmed.