# Richmond

JOHN RAYMOND BERRY, SR. v. COMMONWEALTH OF VIRGINIA.

January 26, 1959.

Record No. 4922.

Present, Eggleston, C. J., and Buchanan, Miller, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Sam P. Conrad* (*Charles A. Hammer*, on brief), for the plaintiff in error.

*C. F. Hicks, Assistant Attorney General (A. S. Harrison, Jr., Attorney General,* on brief), for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

■ The question in this case is whether the suspension of a jail sentence imposed on the defendant, John Raymond Berry, Sr., was legally revoked, and is to be determined from the following stipulated facts:

On December 17, 1956, the County Court of Rockingham county found the defendant guilty of a misdemeanor and sentenced him to twelve months in jail but suspended the sentence for one year conditioned on his good behavior.

On June 22, 1957, the defendant was arrested on a charge of malicious shooting and on June 24, 1957, he entered a plea of not guilty to that charge in the county court. Thereafter on the same day and without any separate warrant, summons, capias or rule being issued for the purpose, the attorney for the Commonwealth then represented to the court that the defendant had nevertheless been involved in a violent breach of the peace, and in the immediate presence of the defendant moved that the court revoke said suspension, whereupon without inviting any further hearing, and none being demanded by the defendant, the court revoked the suspension of the jail sentence which it had previously imposed on the defendant, and the defendant thereupon appealed to the circuit court as allowed by § 53-275 of the Code.

Afterwards the defendant waived a preliminary hearing on the charge of malicious shooting, was indicted on that charge by a grand jury in the circuit court on August 19, 1957, entered a plea of not guilty, but on his trial by a jury was convicted of unlawful shooting and sentenced to one year in jail and a fine of $500.

On December 9, 1957, an order was entered by the circuit court in the case of the defendant's appeal from the revocation of the suspension of his jail sentence on June 24, 1957, showing that on the motion of the defendant by his counsel the appeal case was continued to the next term of the circuit court.

On March 7, 1958, the judge of the circuit court, without a jury, and without any warrant of arrest, summons, rule or capias ever having been issued, charging violation of the terms of the suspension, proceeded to hear the appeal from the revocation, including the

facts stated above but without hearing any other evidence, and over the objection of the defendant and his counsel, affirmed the order of the county court and likewise revoked said suspension.

The defendant assigns error to the action of the court and contends that the court had no authority to revoke the suspension in the absence of a proper rule or warrant first having been issued and served and the defendant arrested thereon and brought before the court within the suspension period.

Section 53-275 of the Code of 1950, applicable to this case,[1] provides, so far as here relevant, that the court "may, for any cause deemed by it sufficient, revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within the probation period * *. In case the execution of the sentence has been suspended [which was the case here], the original sentence shall be in full force and effect, * *." See *Dyke* v. *Commonwealth*, 193 Va. 478, 69 S. E. 2d 483.

In *Slayton* v. *Commonwealth*, 185 Va. 357, 38 S. E. 2d 479, our probation statute as enacted in 1918 and amended in 1938[2] was construed and its purpose and procedural requirements outlined. That statute contained the identical language quoted above from § 53-275. In that case it was held that both the suspension of sentence and the revocation of such suspension are left to the discretion of the trial court; that since the revocation deprives the probationer of his liberty, he is entitled to a judicial hearing thereon but a summary hearing is sufficient, and the defendant is not entitled to a jury trial on the issue; that in the absence of express statutory requirement, the conviction of a subsequent criminal offense is not essential to warrant a revocation of suspension; that the sufficiency of the evidence to sustain an order of revocation is a matter within the sound discretion of the trial court, and its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion. " 'The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action.' " 185 Va. at 367, 38 S. E. 2d at 484.

---

[1] Later amended by Acts 1958, ch. 468, p. 601; 1958 Cum. Supp. to the Code, p. 314.

[2] Acts 1918, ch. 349, p. 528; Acts 1938, ch. 122, p. 188.

The specific contention made by the defendant in the present case is that before the suspension of his jail sentence could be effectively revoked, a warrant or other lawful process must have been issued, the defendant arrested pursuant thereto, a hearing held and lawful evidence introduced to show sufficient cause for revocation within the period of suspension in order to meet the requirement of due process.

The Federal probation statute, which we said in the *Slayton* case, *supra*, was quite similar to ours, was construed and applied in *Burns* v. *United States*, 287 U. S. 216, 53 S. Ct. 154, 77 L. ed. 266. The defendant there was sentenced on three counts but the sentence on the third count was suspended on terms requiring good behavior, and while serving his sentence on the first he was brought before the court for the purpose of investigating a report that he had violated the terms of his probation. After a hearing at which the jail records were introduced and the defendant himself was examined, the suspension was revoked because he "had not acted in good faith in carrying out the order of the trial judge." On appeal he insisted, as does the defendant here, "that he was entitled to previous notice of specific charges of violation of the terms of probation and to a hearing upon such charges according to the established rules of judicial procedure." The court, by Chief Justice Hughes, held otherwise, saying that probation was a matter of favor, not contract; that in respect of revocation "(t)here are no limiting requirements as to the formulation of charges, notice of charges, or manner of hearing or determination"; "that the continuance of the probation, as well as the grant of it, rests in the courts' discretion." It was further said:

"The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. * *.

"* * While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice."

In the later case of *Escoe* v. *Zerbst*, 295 U. S. 490, 55 S. Ct. 818, 79 L. ed. 1566, a revocation of a suspension of sentence was reversed because the defendant, upon being arrested, was taken at once to the penitentiary, contrary to the provision of the Federal statute that he be taken before the court; but the court was careful to say that this was a privilege granted by the statute and not a constitutional right.

In an extensive note in 29 A. L. R. 2d, beginning at page 1074, it is said that there is a clear-cut conflict of authority on the question of whether a notice and hearing, considered as a unit, is such a procedural step as to be embraced within State or Federal constitutional guaranties. Some courts, it is pointed out, take the view that the right rests solely on statutory grant and has no constitutional basis, while others have held that the right to notice and hearing is afforded by virtue of the constitutional guaranty of due process of law. Cases on each side of the question are cited. We adopt the first-mentioned view, which we consider in keeping with the spirit and purpose of our probation statute, and hold that the right to notice and hearing involves no constitutional question but is to be determined by reference to the probation statute, specifically here to § 53-275.

That section, as noted, provides that the court may, for any cause deemed by it sufficient, revoke the suspension and cause the defendant to be arrested and brought before the court within the time specified. It says nothing about a specification of charges and nothing about a hearing, but as stated in the *Escoe* case, *supra,* "the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation" that he has violated the condition of the suspension. But, as the court there added, "This does not mean that he may insist upon a trial in any strict or formal sense." 295 U. S. at 493, 55 S. Ct. at 820, 79 L. ed. at 1569.

It is at once apparent that the purpose of the provision in the statute that the court may "cause the defendant to be arrested," is that he may be brought before the court. On the agreed facts in this case there was no occasion for causing this defendant to be arrested because he was already in the custody of the court on a felony charge of malicious shooting at the time of the revocation. After he had entered a plea of not guilty to that charge the attorney for the Commonwealth, so the record reads, then represented to the court that the defendant had neverthless been involved in a violent breach of the peace, and, in the immediate presence of the defendant moved for a revocation of the suspension, and without inviting any further hearing, and none being demanded by the defendant, the court revoked the suspension. There is an inference, but only an inference, that the representation by the Commonwealth's attorney that the defendant had been involved in a violent breach of the peace, related to the felony charge of malicious shooting. The county

court apparently acted on this representation, which stood undenied by the defendant, and decided that such conduct violated the good behavior condition on which the prior sentence of the defendant had been conditioned. We cannot say from this that there was such a clear showing of abuse of the county court's discretion, the standard fixed by the *Slayton* case, *supra,* as required the circuit court to reverse.

But that was not all that was before the circuit court on the appeal. On the hearing of the appeal on March 7, 1958, the circuit court had before it not only the agreed facts as to the procedure in the county court, but also the fact shown by its own record, that the defendant had been indicted by a grand jury on the charge of felonious assault; that he had been tried by a jury on that charge, convicted and on August 30, 1957, sentenced to one year in jail and $500 fine. Accordingly it affirmed the revocation ordered by the county court and likewise, as its order reads, revoked said suspension. At that time the defendant was in the custody and in the presence of the circuit court. There was consequently no need for any process of arrest to bring him before the court, and certainly the evidence was ample and beyond controversy sufficient to establish that the defendant had violated the good behavior condition of the suspension.

█ There is no merit in the contention that the revocation was not within the one-year period of probation. The suspension was granted by the county court on December 17, 1956, and the revocation thereof by the county court was on June 24, 1957, from which the defendant appealed to the circuit court. The appeal came before the circuit court for hearing on December 9, 1957, within one year from the date of the suspension. On that day, on the defendant's motion, the hearing was continued to the next term and held on the following March 7. The defendant cannot delay the hearing by gaining a continuance within the probation period and then be heard on a plea that the decision of his appeal was not rendered within that period.

There is no error in the order appealed from and it is accordingly

*Affirmed.*