398 P.2d 548

**STATE of Arizona, Appellee,**

v.

**Jesse MAXWELL, Appellant.**

No. 1477.

Supreme Court of Arizona.

En Banc.

Jan. 20, 1965.

Navor Proctor, Globe, and Sam Lazovich, Miami, for appellant.

BERNSTEIN, Justice.

Appellant pleaded guilty to writing bad checks. The imposition of sentence was suspended and appellant was placed on probation for five years. One of the terms of probation was that appellant "at no time have a checking account or write any checks." Appellant was arrested for violating the terms of his probation and subsequently a hearing was held in the Superior Court on a petition to revoke probation. At the hearing appellant denied having written the check on which the petition for revocation of probation was based and the witness called to prove appellant had written the check could not identify him. The probation officer testified that appellant had admitted writing several bad checks after he had been placed on probation.

The county attorney asked appellant at the hearing how many bad checks he had written while on probation other than that on which the petition for revocation of probation was based. Counsel for appellant objected on the ground that the answer to the question might incriminate appellant and was therefore in violation of Art. II, section 10 of the Arizona Constitution, A.R.S. The trial judge overruled the objection and instructed the witness to answer the question. The witness answered:

Robert Pickrell, Atty. Gen., and Harold A. Beelar, Gila County Atty., for appellee.

"I've written several of them." Probation was revoked and appellant was sentenced to from three to four years. Appellant was requested to sign his name at the hearing for the purpose of identifying his signature and his counsel again objected on the ground of self incrimination. The trial judge then commented that a hearing on revocation of probation was different from a trial and that the same rules governing self incrimination do not apply. The trial judge further stated that probation is in the discretion of the trial judge and if appellant refused to sign his name for the purpose of identification on the ground that it would incriminate him such a refusal would be held against him.

Appellant filed his notice of appeal in propria persona from the revocation of probation and counsel was appointed by the trial court pursuant to A.R.S. § 13-161 to handle his appeal. Counsel advised this court by written communication that he had searched the record and the transcript and was unable to find grounds upon which the appeal could be based. This court ordered the appeal be submitted.

We have researched the nature of the proceedings necessary to safeguard the rights of an alleged parole violator. At such a proceeding the rights of the parole violator are not conferred by constitution but are conferred by statute. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. To remain at liberty under a sus-pended sentence is not a matter of right but a matter of grace and purely in the discretion of the trial court, Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569. A proceeding for revocation of probation is not subject to the limitations of a trial on the merits and is not governed by the same rules, People v. Slater, 152 Cal.App.2d 814, 313 P.2d 111.

This court quoting from the United States Supreme Court in Escoe v. Zerbst, supra, stated in Varela v. Merrill, supra:

" 'In thus holding we do not accept the petitioner's contention that the privilege has a basis in the Constitution, apart from any statute. Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress may impose.' " 51 Ariz. at 72, 74 P.2d at 573.

The only question here is whether appellant's rights under the Arizona statute were violated. The source of appellant's rights while on probation is in the statute rather than in the Fifth Amendment to the United States Constitution. Escoe v. Zerbst, supra.

A.R.S. § 13-1657, subsec. B reads:

"At any time during the probationary term of the person released on probation, any probation officer may, without warrant or other process, at any time

until the final disposition of the case, re-arrest any person so placed in his care and bring him before the court, or the court may, in its discretion, issue a warrant for the re-arrest of any such person and may thereupon revoke and terminate the probation, if the interests of justice so require, and if the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life."

We are of the opinion that the appellant was accorded his rights in conformance with the purposes of the statute and are of the opinion that the trial judge's action was within his sound discretion in revoking probation. State v. Edge, 96 Ariz. 302, 394 P.2d 418.

We need not pass upon the question of appellant's being forced to testify against himself in violation of his rights against self incrimination. On examination of the record, including the transcript of testimony, we find no reversible error, State v. Burrell, 96 Ariz. 233, 393 P.2d 921.

Affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concurring.