458 P.2d 602

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Art BACA, Defendant-Appellant.**

**No. 340.**

Court of Appeals of New Mexico.

Aug. 22, 1969.

Fred T. Hensley, Portales, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Mark B. Thompson III, Asst. Atty. Gen., for appellee.

OPINION

OMAN, Judge.

Defendant was convicted of intentional misappropriation of property of the value of more than $100 but not more than $2,500, by means of fraudulent conduct, practices or representations, contrary to the provisions of § 40A–16–6, N.M.S.A. 1953 (Repl. Vol. 6, 1964). He was sentenced to the Penitentiary for a period of from 1 to 5 years. This sentence was suspended and he was placed on probation. On September 5, 1968, a "Standard Order of Probation" was entered. Defendant received a copy of this order, discussed it with his Probation Officer, and agreed to abide by it.

On February 12, 1969, a Report of Probation Violation was filed, and hearing thereon was conducted on February 14, 1969. Defendant was present in person and

by his court-appointed attorney and participated in the hearing.

The court sentenced defendant to confinement in the Penitentiary for a period of 1 to 5 years, with credit being given for the period he was on probation. He has appealed from the Order Invoking Sentence, claiming the court erred in entering this order.

The Report of Probation Violation set forth claimed violations of Items 2(a), 2(d) and 2(n) of the Standard Order of Probation. These particular provisions of the order of probation are:

"2(a) That he will comply with all laws and ordinances of the United States, the various states of the United States and all political subdivisions thereof, provided further, that if the Defendant is charged with violation of any said laws or ordinances, he shall immediately report this fact to his probation officer, and proceedings may be instituted to revoke Defendant's suspended or deferred sentence without awaiting the outcome of the prosecution of any such charge;

" * * *

"2(d) That he will submit written monthly reports in accordance with instructions of the Probation Officer and such other written or oral reports as may be required; that he will be held accountable for the truthfulness of these reports, and that any false report, either written or oral, submitted by him to any official of the Board of Probation and Parole shall be grounds for revocation of his probation;

" * * * * 

"2(n) That he will pay costs of his prosecution in the amount of $148.75 and the cost of probation in the amount of $15.00 per month, as set by the Court to the District Court Clerk in the form of cash, money order or certified check."

The evidence adduced by the State at the hearing on the report showed attempts by defendant to defraud in violation of § 40A–16–6, supra, and the sale of alfalfa hay in quantities less than represented by him, as evidenced by weight tickets which had been altered, in violation of § 76–1–53 (E), N.M.S.A.1953 (Repl.Vol. 11, pt. 1, 1968). It also shows he was late in submitting his probation reports for the months of October and December 1968; he submitted no probation report for the month of February 1969; and he failed to pay the costs of his prosecution and probation as required by Item 2(n) of the Order of Probation. This evidence is undisputed.

The court had the power to revoke the suspension of sentence and to thereupon invoke the same, upon proof being made of the violation of the conditions of probation. State v. Holland, 78 N.M. 324, 431 P.2d 57 (1967). The degree of proof required to support a finding of a violation of probation is met when the evidence establishes a violation of the conditions of probation " ' * * * with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt. * * ' ". State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App. 1968). The uncontradicted evidence of violations of probation referred to above meets this required degree of proof.

If defendant is contending that the State must show his conviction of a crime before his suspension can be revoked, he is in error. This contention ignores the violations of Items 2(d) and 2(n) of the order of probation. In any event, a conviction of a subsequent criminal offense is not necessary to the revocation of suspension and the invocation of a prior suspended sentence. Barker v. Ireland, 238 Or. 1, 392 P.2d 769 (1964); Marshall v. Commonwealth, 202 Va. 217, 116 S.E.2d 270 (1960); Roberts v. State, 154 So.2d 695 (Fla.App. 1963). See also State v. Holland, supra; State v. Brusenhan, supra; People v. Di Blasi, 198 Cal.App.2d 215, 18 Cal.Rptr. 223 (1961); Valentine v. State, 365 P.2d

166 (Okl.Cr.App.1961); § 41–17–28.1, N.M. S.A.1953, (Repl.Vol. 6, 1964).

The Order Invoking Sentence should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.