469 P.2d 848

**The STATE of Arizona, Appellee,**

**v.**

**Tad WALTER, Jr., Appellant.**

**No. 2 CA–CR 209.**

Court of Appeals of Arizona, Division 2.. May 28, 1970.

Rehearing Denied June 24, 1970. Review Denied Sept. 22, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

S. Jeffrey Minker, Tucson, for appellant.

HATHAWAY, Judge.

This appeal concerns the rights of an individual at a revocation of probation hearing.

Appellant had previously plead guilt to the crime of "drawing a check on no account," and was brought before the court for sentencing on March 29, 1968. The court suspended imposition of the sentence and the appellant was placed on probation for five years.

On July 8, 1969, the Adult Probation Office filed a petition to revoke the appellant's probation, and a hearing was held on this petition on September 5, 1969. At this hearing the Probation Officer, not under oath, apparently testified in the court's chambers as to the reasons he filed the petition and for revoking the appellant's probation. The appellant's attorney sought to cross-examine the probation officer, but he was denied that right. The court then revoked the appellant's probation and sentenced him to prison for a period of not less than four nor more than five years.

A.R.S. § 13–1657, subsec. B, relating to the revocation of probation states in part:

"At any time during the probationary term of the person released on probation, * * * the court may, in its discretion, issue a warrant for the re-arrest of any such person and may thereupon revoke and terminate the probation, if the interests of justice so require, and if the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in the criminal practices, or has become abandoned to improper associates, or a vicious life."

The right to suspend a sentence in a criminal case can only be exercised in accordance with A.R.S. § 13–1657, State v.

**284**

Bigelow, 76 Ariz. 13, 258 P.2d 409, 39 A.L.R.2d 979 (1953), since such power did not exist at common law, Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569 (1937). State v. Washington, 5 Ariz.App. 400, 427 P.2d 381 (1967); State v. Douglas, 87 Ariz. 182, 349 P.2d 622, certiorari denied 363 U.S. 815, 80 S.Ct. 1255, 4 L.Ed.2d 1157 (1960).

█ The U. S. Supreme Court has held that an accused at a hearing to revoke his probation has a right to counsel, and this right exists whether the procedure is " * * * labeled a revocation of probation or a deferred sentencing." Mempa v. Rhay, 389 U.S. 128, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967). Arizona has likewise held that the accused is entitled to counsel at a hearing on revocation of probation and sentencing. Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966).

█ However, a proceeding for revocation of probation is not subject to the limitations of a trial and is not governed by the same rules. State v. Benton, 5 Ariz.App. 314, 426 P.2d 414 (1967), State v. Maxwell, 97 Ariz. 162, 398 P.2d 548 (1965). To remain at liberty under a suspended sentence is not a matter of right in Arizona, but a matter of grace and is purely in the discretion of the trial court. State v. Maxwell, supra. The trial court here had read the probation officer's report, spoke with both the probation officer and appellant's counsel, and gave the appellant an opportunity to testify and present witnesses on his behalf. The appellant at that time admitted the various allegations in the probation officer's report. We believe that the appellant was afforded his full constitutional rights, and find no basis in the contention that the denial of his right to cross-examine the probation officer violated his due process.

█ Having admitted to the trial court that he wrote the checks in question, there was sufficient evidence upon which the trial court in its discretion could revoke his probation. State v. Maxwell, supra;

State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968).

We affirm the decision below.

KRUCKER, J., concurs.

HOWARD, Chief Judge (specially concurring).

I concur in the foregoing opinion only for the reason that our Supreme Court had spoken on the matter and, therefore, has mandated my concurrence. I believe, however, that the matter involved merits closer examination. The judicial cliché that "probation is a matter of grace and not of right" was spawned in the case of Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932) and perpetuated in Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). The best that can be said about the principle enunciated by these cases is that it is easy to remember and easy to apply. But, the rule makes no sense when it is used to deprive a person of his liberty without any respect whatsoever for the fundamental principles of fair play. I agree that it is initially a matter of grace as to whether the court will or will not put a person on probation. But once the person is placed on probation it is my belief that he has a *right* to be on probation as long as he complies with the conditions of his probation and does not commit those acts which give cause for revocation of probation as set forth in A.R.S. § 13–1657, subsec. B, supra.

It should be noted that A.R.S. § 13–1657, subsec. B, does not even require a hearing to be held before probation is revoked. In fact, the Arizona Supreme Court in Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569 (1937), held that no hearing was required before the revocation of probation. I submit that such a decision is not warranted even based on the *Burns* and *Escoe* cases. In the *Escoe* case, the court expanded on what it said in *Burns*, explaining that the hearing while it need not be formal in nature, must be so fitted in its range to the needs of the

occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper. The probationer must be given the opportunity to "explain away" charges which "may have been inspired by rumor or mistake or even downright malice." He shall have a chance to say his say before the word of his pursuers is received to his undoing.

After admirably setting forth the reasons for requiring a pre-revocation hearing, the court in *Escoe,* in dicta, rejected the probationer's contention that a hearing is mandated by the federal constitution. The lawmakers, the court observed, could, if they wish, "dispense with notice or a hearing."

The lower federal courts and state courts generally follow the lead of the United States Supreme Court in *Escoe* and *Burns.* These courts require a hearing but say that the hearing may be an "informal hearing" sometimes adding that the test is whether or not the probationer was given "fair treatment."[1]

The courts in three states recognized the probationer's right to cross-examine adverse witnesses. Robinson v. State, 62 Ga. App. 539, 8 S.E.2d 698 (1940); Moye v. Futch, 207 Ga. 52, 60 S.E.2d 137 (1950); People v. Price, 24 Ill.App.2d 364, 376–377, 164 N.E.2d 528, 533 (1960); State v. Zachowski, 53 N.J.Super. 431, 147 A.2d 584 (1959).

In the states of Utah, New Mexico and Arkansas, the courts decided that a hearing is mandatory even though there was no statute requiring such a hearing. In the case of State v. Zolantakis, 70 Utah 296, 259 P. 1044 (1927), the court recognized the fact that the purpose of a law permitting a person to be put on probation is clearly reformatory, reasoning that reformation can "best be accomplished by fair, consistent, and straightforward treatment of the person sought to be reformed." The court further stated:

"The right to personal liberty is one of the most sacred and valuable rights of a citizen, and should not be regarded lightly. The right to personal liberty may be as valuable to one convicted of crime as to one not so convicted, and so long as one complies with the conditions upon which such right is assured by judicial declaration, he may not be deprived of the same. Such right may not be alternatively granted and denied without just cause."

The court then stated that the minimum procedures which are required in a revocation hearing are as follows: The defendant is entitled to have filed either an affidavit, motion, or other written pleading setting forth the facts relied upon for a revocation of probation; the defendant should be given an opportunity to answer or plead to the charge made; a hearing should be had upon the issues joined and; the defendant as well as the state, shall be given the right of cross-examination.[2]

The reason for giving the right of cross-examination is ably set forth in the *Zolantakis* case:

"In a judicial investigation the right of cross-examination is an absolute right and not a mere privilege of the party against whom the witness is called. It is

1. See, Bennett v. United States, 158 F.2d 412, (8th Cir. 1946); Brown v. United States, 236 F.2d 253 (9th Cir. 1956); United States v. Feller, 17 Alaska 417, 156 F.Supp. 107 (1957); Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Ex parte Medley, 73 Idaho 474, 253 P.2d 794 (1953); Ridley v. Commonwealth, 287 S.W.2d 156 (Ky.1956); Edwardsen v. State, 220 Md. 82, 151 A.2d 132 (1959); Murphy v. Lawhon, 213 Miss. 513, 57 So.2d 154 (1952); State v. Zachowski, 53 N.J.Super. 431, 147 A.2d

584 (1959); People v. Oskroba, 305 N.Y. 113, 111 N.E.2d 235 (1953); State v. Theisen, 167 Ohio St. 119, 146 N.E.2d 865 (1957); Arney v. State, 195 Tenn. 57, 256 S.W.2d 706 (1953); Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135 (1960); Berry v. Commonwealth, 200 Va. 495, 106 S.E.2d 590 (1959); State v. Shannon, 60 Wash.2d 883, 376 P.2d 646 (1962).

2. Accord, City of Lima v. Beer, 90 Ohio App. 524, 107 N.E.2d 253 (1970).

286

only after such right has been substantially and fairly exercised that the allowance of further cross-examination becomes discretionary. [Citation omitted.] The reason for the rule is doubtless that the fact that cross-examination of a witness may not only modify and explain, but it may destroy the evidence in chief. * * Legal procedure requires that the court hears before it condemns, and in such hearing cross-examination is often as enlightening. as is the examination in chief."

· The *Zolantakis* case was followed in Utah in Williams v. Harris, 106 Utah 387, 149 P.2d 640 (1944) and Thompson v. Harris, 106 Utah 32, 144 P.2d 761 (1943).[3]

The idea that suspension of sentence gives to the defendant a valuable right, that of personal liberty, was followed by the New Mexico Supreme Court in Ex parte Lucero, 23 N.M. 433, 168 P. 713 (1917), followed in State v. Peoples, 69 N.M. 106, 364 P.2d 359 (1961) and by the Washington Supreme Court in State v. O'Neal, 147 Wash. 169, 265 P. 175 (1928), approved in State v. Shannon, supra.

The Supreme Court of Appeals of Virginia in Griffin v. Cunningham, 205 Va. 349, 136 S.E.2d 840 (1964), held that since a revocation of suspension deprives the probationer of his liberty, he is entitled to a judicial hearing thereon. "This means a hearing in accordance with familiar principles governing the exercise of judicial discretion."[4]

It is interesting to note that the American Bar Association project on minimum standards of criminal justice in its tentative draft of standards relating to probation, February, 1970, sets forth the following requirements in ¶ 5.4:

"(a) The court should not revoke probation without an open court proceeding attended by the following incidents:

(i) a prior written notice of the alleged violation;

(ii) representation by retained or appointed counsel; and

(iii) where the violation is contested, establishment of the violation by the government by a preponderance of the evidence.[5]

Sentence should be imposed following a revocation according to the same procedures as are applicable to original sentencing proceedings.

(b) The government is entitled to be represented by counsel in a contested revocation proceeding.

(c) As in the case of all other proceedings in open court, a record of the revocation proceeding should be made and preserved in such a manner that it can be transcribed as needed.

(d) An order revoking probation should be appealable after the offender has been resentenced."

The procedure used by the trial court in this case illustrates the need for a hearing and a full one at that. I do not mean to

3. In Baine v. Beckstead, 10 Utah 2d 4, 347 P.2d 554 (1959), the Utah court said that the hearing procedures outlined in the *Zolantakis* case should be limited to cases where factual dispute exists, wherein the circumstances in fairness and justice warrant the granting of a hearing to the defendant. And see, McPhie v. Turner, 10 Utah 2d 237, 351 P.2d 91 (1960) which holds that a revocation of probation without a hearing on the facts there presented "was a denial of due process of law."

4. For an excellent discussion on the entire problem see, Ronald B. Sklar, Law and Practice and Probation and Parole Revocation Hearings, The Journal of

Criminal Law, Criminology, and Police Science, Vol. 55 June 1964, No. 2.

5. Compare with the State of New Mexico in State v. Baca, 80 N.M. 527, 458 P.2d 602 (1969), where the court held that the degree of proof required a support of finding of a violation of probation is met when the evidence establishes a violation of the condition of probation " 'with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt.' State v. Brusenthan, 78 N.M. 764, 438 P.2d 174 (1968)."

unduly criticize the trial judge in this case since he was merely following the procedure which a great many of the trial judges in this 'state follow. The procedure employed in ·this case could perhaps be best described as a friendly "tête-à-tête". The probationer was never served a copy of the probation officer's charges until the time of the hearing. Those charges, in fact, were not under oath. The persons who testified at the trial, to-wit, the probationer and the probation officer, were not put under oath at anytime during the hearing. When a person's liberty is at stake, it just seems to me that such procedure falls far short of the judicial inquiry which must be undertaken in order that the judge may properly exercise his discretion.

Even if one were to adhere to the principle that remaining on probation is a matter of grace and not of right, the United States Supreme Court in Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959), held that certain principles had remained relatively immutable in our jurisprudence. The court stated that "[o]ne of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue." Where the evidence consists of the testimony of individuals whose memory might be faulty or who might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy, the probationer is protected by the requirement of confrontation and cross-examination. This requirement has ancient roots finding expression in the Sixth Amendment which provides, that in all criminal cases, the accused shall have the right "to be confronted with the witnesses against him." cf. Concurring opinion of Justice Frankfurter in Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951).

I find it repugnant that even a convicted felon is not entitled to a fundamental pre-requisite of law—the opportunity to be heard. If the probationer is entitled to a hearing it must be conducted in a meaningful manner. In my opinion, a hearing is not conducted in a meaningful manner unless there is notice, effective opportunity to defend by confronting any adverse witnesses and the right to present one's own argument and evidence. cf. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287 (1970).

In summary, although the probationer is not entitled to the panoply of a full-blown trial, he is entitled to be accorded the fundamentals of fair play and due process.