469 P.2d 853

**The STATE of Arizona, Appellee,**

v.

**Floyd Scott MELTON, Appellant.**

**No. 2 CA–CR 189.**

Court of Appeals of Arizona,
Division 2.

May 28, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Arthur R. Buller, Tucson, for appellant.

HATHAWAY, Judge.

On November 1, 1967, the appellant was convicted of obstructing justice, and was placed on probation.

On December 6, 1968, James E. Henry, Deputy Adult Probation Officer, filed an unverified Petition to Revoke Probation. A hearing on the Petition to Revoke Probation was had on March 26, 1969. The court then granted the motion to revoke probation, and sentenced the appellant to the Arizona State Prison for not less than one nor more than three years. From this judgment and sentence the appellant has appealed contesting he was denied procedural and substantive due process and equal protection when his probation was revoked and further contending that the trial court abused its discretion in revoking appellant's probation.

■ We initially note the similarity of this case with that of State v. Walter, 12 Ariz.App. 282, 469 P.2d 848, (1970),

filed this date, where substantially the same contentions were raised and were rejected by this court. In *Walter*, the appellant contended that the denial of the right to cross-examine the probation officer was a denial of his right of due process. Such is not the state of law in Arizona. See for example, Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569 (1937) for the proposition that a defendant is not entitled to a hearing when the suspension of his sentence is revoked, or even notice of such hearing, and State v. Maxwell, 97 Ariz. 162, 398 P.2d 548 (1965) which holds that to remain at liberty under a suspended sentence is not a matter of right in Arizona, but a matter of grace and is purely in the discretion of the trial court. This court, no matter how strongly it may believe that the appellant should have the right to rely upon the probation granted to him,[1] is nevertheless bound by the decisions and interpretation of the Arizona Supreme Court. We therefore reluctantly hold that the appellant was not denied his constitutional rights.

■ Neither can we find that there has been an abuse of discretion on the part of the trial judge in revoking appellant's probation. The trial judge had information before him that the appellant had been drinking, and it was admitted by the appellant that he left Arizona after the petition to revoke probation was filed in an effort to elude a hearing on this matter until after the appellant's son was born. There was also some evidence that the appellant failed to become active in the Arizona Mental Health program, one of the conditions required when he originally was placed on probation. Although the appellant put on testimony and called witnesses on his behalf which would seem to justifiably explain these deviations in his conduct, we cannot say that there was a clear abuse of discretion when the probation was revoked. State v. Washington, 5 Ariz.App. 400, 427 P.2d 381 (1967).

---

[1] See Chief Judge Howard's concurring opinion in State v. Walter, supra, which excellently expresses this view.

We affirm the judgment and sentence below.

HOWARD, C. J., and KRUCKER, J., concur.