288

512 P.2d 51

**The STATE of Arizona, Appellee,**

v.

**Robert Lee WILLIAMS, Appellant.**

**No. 2 CA–CR 314.**

Court of Appeals of Arizona,
Division No. 2.

July 19, 1973.

Rehearing Denied Aug. 21, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Alan Silverman, Tucson, for appellant.

KRUCKER, Judge.

The appellant, Robert L. Williams, had entered a plea of guilty to the criminal offense of possession of a pistol by a convicted felon. He was placed on probation for a period of three years on April 6, 1972. A petition for revocation of probation was filed and a hearing was held June 29, 1972.

The sole question presented is whether the trial judge erred in refusing to allow defendant's attorney to cross-examine the probation officer.

We have examined the transcript of the hearing on the revocation of probation and find that the defendant was represented by counsel and had been fully advised of his rights.

■ This court has passed on the question of cross-examination and has held that there is no right to cross-examine the probation officer at a revocation of probation hearing. State v. Walter, 12 Ariz.App. 282, 469 P.2d 848 (1970). In the *Walter* case, Judge Hathaway stated:

"We believe that the appellant was afforded his full constitutional rights, and find no basis in the contention that the denial of his right to cross-examine the probation officer violated his due process." 469 P.2d at 850.

In State v. Hulon, 16 Ariz.App. 429, 493 P.2d 1234 (1972), this court again held that the denial of the accused's right to cross-examine the probation officer was not a violation of due process of law.

■ On the same day as this hearing, the United States Supreme Court decided Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972), which set forth certain minimum requirements of due process in the revocation of parole. The court in *Morrissey* specifically stated that the rules enunciated applied to future parole revocation hearings. The application of *Morrissey* is prospective only and does not apply to the case *sub judice*. State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (filed July 12, 1973).

The procedure set forth in *Morrissey* is applicable to probation revocation hearings. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); State v. Marlar, 20 Ariz.App. 191, 511 P.2d 204 (filed June 28, 1973).

Our review of the record discloses that the proceedings were conducted in accordance with the law as it existed prior to

*Morrissey* and *Gagnon. See*, State v. Hunt, 13 Ariz.App. 267, 475 P.2d 752 (1970) and State v. Walter, 12 Ariz.App. 282, 469 P.2d 848 (1970).

We are mindful of the holding in State v. Madrid, 20 Ariz.App. 51, 510 P.2d 50 (1973), but this case was also decided after *Morrissey* and would thus come under the rule set out in those two opinions.

The order revoking probation and the sentence are affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.