This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,506**

**DAVID PATRICK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant David D. Patrick appeals the district court order revoking his probation and imposing the sentence of incarceration. His sole issue on appeal is whether there was sufficient evidence to revoke his probation considering that the State offered only the probation officer's testimony that the violations occurred. We affirm.

> The degree of proof required to support a finding of a violation of probation is met when the evidence establishes a violation of the conditions of probation with . . . such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt.

*State v. Baca*, 80 N.M. 527, 528, 458 P.2d 602 (Ct. App. 1969). "A defendant's probation may be revoked if, after a hearing, it is established that he has failed to comply with a condition of his probation." *State v. Parsons*, 104 N.M. 123, 127, 717 P.2d 99, 103 (Ct. App. 1986).

The district court order on report of probation violation, and the subsequent amended order, found that Defendant had violated his conditions of probation as set forth in counts one, three, and five of the probation violation report prepared by Officer Wesley Hatley. [RP 245-48, 299, 314] These three counts alleged violations of standard conditions of probation numbers two, five, and nine, respectively, of Defendant's probation agreement. [RP 246-47] There appears to be no dispute that Defendant signed and understood the probation agreement.

Standard condition of probation number two states:

I will report to my Probation/Parole Officer as often as required and will submit completed and truthful written reports as required by my Probation/Parole Officer. All communication with my Probation/Parole Officer will be truthful and accurate and I will promptly reply to any correspondence or communication I may receive from the Probation Office. [RP 246]

According to the tape log in the record proper, Officer Wesley Hatley testified that on October 29, 2008, he conducted a home visit and told Defendant, apparently by phone, "he had to come to the probation office." [RP 297, 1:33:18] Officer Hatley testified that Defendant did not report on or after October 29. [Id., 1:32:20] Thus, the district court had evidence before it that Defendant did not report to his probation officer as required, and thus violated standard condition of probation number two.

Standard condition of probation number five states: "I will follow all orders and instructions of my Probation/Parole Officer including actively participating in and successfully completing any level of supervision and/or treatment program, which may include Community Corrections, [Intensive Supervision Program], Elec[tronic] Monitoring or other supervision/treatment program, as deemed appropriate by the Probation/Parole Officer." [RP 246-47] Officer Hatley's testimony included the fact that Defendant had cut off the ankle monitor without permission. [RP 297, 1:33:18 - 1:35:36] Defendant's mother dropped off the ankle monitor at the probation office on October 30, 2008. [Id.] Cutting off the

ankle monitor violated standard condition number five's requirement that Defendant actively participate in and successfully complete the level of supervision deemed appropriate by the probation officer.

Standard condition of probation number nine states: "I will not buy, sell, consume, possess or distribute any controlled substances except those legally prescribed for my use by a State Certified Medical Doctor. I will also provide urine or breath test specimens for laboratory analysis upon request of the Probation and Parole division." [RP 247] Our review of the hearing tape log does not reveal any direct testimony that Defendant had used controlled substances, but we presume some evidence of this was before the court. The docketing statement does not assert that no such evidence was before the court, and recites the allegation that Defendant had told Officer Hatley that he would be "dirty" if he provided a urine sample. [DS 4 (unnumbered)] We note Officer Hatley's testimony that Defendant possessed a "wizzinator," a device used to cheat on urine tests. [RP 297, 1:36:31] We conclude that sufficient evidence of the alleged violation of standard condition number nine.

Finally, we find nothing in the record suggesting that Officer Hatley, Defendant's probation officer and the only witness for the State, was not directly involved in the events as to which he testified. *Cf. State v. Phillips*, 2006-NMCA-001, 138 N.M. 730, 126 P.3d 546 (finding insufficient evidence where

officer read from documents of unclear origin at the hearing and there was no showing why the person who submitted the documents was unavailable).

We conclude that sufficient evidence supported the revocation of Defendant's probation, and affirm the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**

5