493 P.2d 1234

The STATE of Arizona, Appellee,

v.

Jay P. HULON, Appellant.

No. 2 CA–CR 264.

Court of Appeals of Arizona, Division 2.

Feb. 23, 1972.

Rehearing Denied March 15, 1972.

**430**

Gary K. Nelson, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty., Gen. and Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

A. Alan Hanshaw, R. Douglas Zirkle, Tucson, for appellant.

KRUCKER, Chief Judge.

On November 4, 1968, Jay P. Hulon was adjudged guilty of grand theft in the Superior Court of Cochise County, Arizona, and placed on three years probation. On the third day of February, 1971, the Cochise County Attorney filed an application for Revocation of Suspension of Imposition of Sentence which was granted on April 27, 1971. The question presented in this appeal is whether this application was properly granted.

The provisions of defendant's probation were:

"1. That the defendant remain a law abiding citizen observing the laws of the State of Arizona and the United States;

2. That unless the full sum of $7500.00 is returned to Mr. Charles Overstrett, that the defendant make restitution to him of the sum of $750.00; that restitution of the sum of $475.00 to the Sheriff of Cochise County be made for the costs of defendant's return to this jurisdiction; restitution of the expense of the return to this jurisdiction to the Sheriff of Cochise County be made within 60 days; restitution of the other sum of $750.00 await determination as to whether or not restitution of $7500.00 is made by the others to Mr. Overstreet. Upon advise to the Court that restitution has been made, or partial restitution made, or that there is little likelihood that such restitution will be made, the Court will review the matter for the purpose of making a further Order; 3. The defendant will report to the Adult Probation Officer on a monthly, or such other basis as the Adult Probation Officer will make, furnishing such information as she will require. IT IS FURTHER ORDERED: Defendant is released from custody."

Following defendant's release from custody, an agreement was reached for the defendant to make restitution to the court at the rate of $25.00 per month. These payments were to begin in February, 1970. Defendant obtained work as a book salesman in the southwestern part of the United States. Defendant's first payment of $25.00 was in February, 1970. A second payment of $25.00 was made in May, 1970 and the third and last $25.00 payment was received by the court July 23, 1970. No monthly payment was made in March because the defendant was sick with the flu. On July 15, 1970, the defendant was involved in an accident which resulted in his sustaining a broken leg and injured shoulder which incapacitated him for over three and one-half months. Defendant's failure to meet the $25.00 per month payments resulted in the application for revocation of suspension of imposition of sentence. Before the hearing on this application, defendant was declared an indigent and at his request counsel was appointed by the court to represent him at the hearing.

Defendant contends on appeal that: (1) he was not *adequately* represented by counsel as required by the Sixth Amendment to the Constitution of the United States, and (2) the trial court abused its discretion in revoking probation.

## RIGHT TO COUNSEL

The United States Supreme Court has held that a defendant is entitled to be

represented by counsel at a hearing to revoke his probation. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The Arizona Supreme Court has likewise so held. Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966). This court, in State v. Walter, 12 Ariz.App. 282, 469 P.2d 848 (1970), authored by Judge James D. Hathaway, concluded that because liberty on probation is a matter of grace and not a right, accused's right to counsel in a probation hearing is something less than his right to counsel in a trial, and that denial of accused's right to cross-examine the probation officer in that case was no violation of due process. Judge Lawrence Howard, in a specially concurring opinion, reasoned that personal liberty is no less valuable to one convicted of crime than to one not so convicted and the fundamentals of due process should be no different for convicted felon.

In Cochise County, where the hearing was held, no public defender is available, so that upon defendant's being declared indigent a member of the County Bar was appointed to represent him. Defendant contends on appeal that his counsel was so ineffective that he was denied his Sixth Amendment right to counsel. He offers the following facts as evidence of ineffectiveness. Defendant's counsel failed to appear at the first scheduled hearing though he had told defendant he would be present. The court continued the hearing to the following day so that defendant might be represented. The next day at the time scheduled for the hearing, counsel was again absent and the hearing was delayed until counsel could be summoned from his office. This, defendant argues, reflects his attorney's disregard. Upon counsel's arrival, the hearing was conducted. Defendant contends that the transcript of the hearing reflects counsel's inadequate preparation to represent his client.

We have reviewed the transcript of the hearing and, especially in light of State v. Walter, supra, find no evidence of ineffective or inadequate counsel. It also appears from the record that counsel's failure to appear could have resulted from inadvertent failure to notify him of the time of the hearing.

## REVOCATION OF PROBATION

Defendant argues that while revocation is discretionary with the trial court, A.R.S. § 13-1657, as amended, this discretion was abused in this case since the delinquency in defendant's payments to the court was the main reason for revocation and was excusable by defendant's illness, injury, and unemployment for a period of time. He maintains that in all other respects he has complied with the conditions of his probation.

Our review of the record reveals that defendant was given much latitude in meeting the conditions of his probation. The original provision requiring restitution to the County within 60 days was altered to $25.00 per month beginning in February, 1970, so as not to impose too great a burden on defendant. His probation officer continually received defendant's monthly reports ten days or more late. Defendant was careless about keeping the probation officer informed of his address and on several occasions the probation officer's letters to defendant were returned "addressee unknown" or "unclaimed." The probation officer's considerable patience in attempting to help defendant arrange the monthly payments met with little cooperation and unfulfilled promises by the defendant. In view of the total situation, it appears that defendant did not take very seriously his responsibility to the court in meeting the conditions of his probation. At the hearing, defendant made no showing of his inability to pay and the court apparently found that defendant was able to pay and did not. We find no abuse of discretion by the court in this finding and in the revocation of defendant's probation.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.