502 P.2d 1332

**Robert BENSON, Appellant,**

v.

**STATE of Arizona, ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 10715.**

Supreme Court of Arizona,
In Banc.
Nov. 17, 1972.

Robert Benson in pro. per.

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

LOCKWOOD, Justice:

Appellant Robert Benson was informed against in 1955 in Maricopa County for "ILLEGAL POSSESSION OF A NAR-COTIC DRUG, COUNT I, and ILLEGAL SALE OF A NARCOTIC DRUG, COUNT II, felonies." He was tried and convicted by a jury, the verdicts finding him guilty of "Count I: Illegal Possession of a Narcotic Drug, a felony" and "Count II: Illegal Sale of a Narcotic Drug, a felony." A Superior Court minute entry likewise recites that Benson was convicted of "Count I: Illegal Possession of a Narcotic Drug, a felony" and "Count II: Illegal Sale of a Narcotic Drug, a felony."

Benson was fined $10,000 as to each count and sentenced to from 15 to 25 years in prison as to each count, the sentences to run consecutively. The minute entry of the sentencing hearing states that the above sentences were imposed upon Benson as a result of his convictions of "Count I: Illegal Possession of a Narcotic Drug, a felony" and "Count II; Illegal Sale of a Narcotic Drug, a felony." However, the typewritten Judgment and Commitment signed by the trial judge on the day of sentencing stated in three places that the crimes with which Benson had been charged and convicted were "Ct. I: Illegal *Possession* of Narcotic Drug, and Ct. II: Illegal *Possession* of a Narcotic Drug, felonies." (Emphasis added.)

In September, 1971, Benson, who was and is incarcerated at the State Prison pursuant to the 1955 judgment and commitment order, filed in the Superior Court for Pinal County a *pro se* petition for writ of habeas corpus, alleging that his process of commitment was defective and void because the judgment and commitment on Count II used the word "possession" of narcotics rather than "sale" of narcotics, as charged in the information and found by the jury. In addition, he alleged that his conviction for the crimes of both illegal possession and of illegal sale "constituted a violation of his right to due process of law in contravention of the state and federal constitution."

On October 26, 1971, following a hearing on the resulting order to show cause, the Superior Court denied the petition for writ of habeas corpus. Benson timely filed with this Court a notice of appeal.

## CLERICAL ERROR

■ As this court observed in Paxton v. McDonald, 72 Ariz. 378, at 383, 236 P.2d 364, at 367 (1951):

"'A judgment must be construed in light of the situation of the court, what was before it, and the accompanying circumstances. In cases of ambiguity or doubt the meaning of the judgment must be determined by that which preceded it and that which it was intended to execute.'"

*See also* Filtsch v. Sipe, 198 Okl. 356, 178 P.2d 612 (1946); McGowan v. St. Louis Union Trust Co., 369 S.W.2d 144 (Mo. 1963). It is stated in 46 Am.Jur.2d Judgments § 76, at p. 364 (1969), that as a general rule, "A judgment which is ambiguous and uncertain may be read in connection with the entire record and construed accordingly."

■ From a reading of the record as submitted on appeal, we find without hesitation that the error was clerical, not judicial, and that the true intention of the trial court can be construed in one way only— that Benson was guilty of and was sentenced for the crimes alleged in the information and found by the jury to have been committed, to wit: Count I: Illegal possession of a narcotic drug, and Count II, Illegal *sale* of a narcotic drug.

## DOUBLE PUNISHMENT

■ The 1955 information filed against Benson alleged that the "sale" count and the "possession" count occurred on the same day, August 18, 1955. It is contended from this fact alone that appellant's convictions and sentences for both "sale" (of heroin) and "possession" (of heroin) constituted an illegal double punishment violative of A.R.S. § 13–1641 (§ 43–6101 of the Arizona Code of 1939). We do not agree. Although the trial transcript has not been made part of the record on appeal, the record does contain a Statement of Facts on Conviction. This document reveals, in addition to Benson's ex-

tensive prior criminal record, that Benson's 1955 convictions and sentences resulted from two separate criminal acts—"sale" on August 18, 1955 and "possession" on August 26, 1955. Moreover, this court must presume that the Maricopa County Superior Court Judge acted in accord with the current (1955) interpretation of the "double punishment" statute, as set forth in State v. Westbrook, 79 Ariz. 116, 285 P.2d 161 (1954). *Cf.* State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968).

The judgment of the Superior Court for Pinal County denying the petition for writ of habeas corpus is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and HOLOHAN, JJ., concur.