NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CBS OUTDOOR INC. f/k/a OUTDOOR SYSTEMS ADVERTISING, INC.,
a Delaware corporation, *Plaintiff/Counterdefendant/Appellant*,

*v.*

ALMA SCHOOL LANDFILL, INC., an Arizona corporation,
*Defendant/Counterclaimant/Appellee.*

No. 1 CA-CV 14-0665
FILED 1-21-2016

Appeal from the Superior Court in Maricopa County
No. CV2010-027590
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Morrill & Aronson, PLC, Phoenix
By Martin A. Aronson, John T. Moshier
*Counsel for Plaintiff/Counterdefendant/Appellant*

Tiffany & Bosco, PA, Phoenix
By Dow Glenn Ostlund
*Counsel for Defendant/Counterclaimant/Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

**T H U M M A**, Judge:

**¶1**          This case turns on the terms of a judgment issued more than a dozen years ago in a condemnation case. CBS Outdoor Systems, Inc., appeals from a judgment in this case, declaring Alma School Landfill, Inc., the exclusive owner of easement rights described in the judgment in the condemnation case. Because CBS has shown no error, the judgment is affirmed.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          In 1995, Alma School and CBS[1] entered into a 15-year written lease allowing CBS to place and maintain a billboard on real estate Alma School owned. Under that lease, if any property was taken through eminent domain, Alma School received all compensation and severance damages. The lease did, however, allow CBS to pursue compensation for damages to its leasehold interest caused by any taking. The lease expressly provided that, other than its lease rights, CBS did not have any interest in the real property owned by Alma School.

**¶3**          In 1996, the Arizona Department of Transportation (ADOT) filed a condemnation action against Alma School and CBS, seeking to take from Alma School approximately 15 acres of land "together with any leasehold interest." The billboard subject to the lease was (and is) located on this land. After discussing the billboard and lease with Alma School and CBS, ADOT amended the condemnation complaint to exclude the billboard from the condemnation. By 2002, the condemnation court had issued an order of condemnation and final judgment (2002 Judgment). The 2002 Judgment (1) condemned "an estate in fee and the extinguishment of any leasehold interests in and to" the real estate taken; (2) vested in ADOT title to the real estate taken but (3) expressly excepted (reserved) from the real

---

[1] Although CBS was previously known as Outdoor Systems Advertising, Inc., this decision refers to CBS throughout.

estate taken "an easement for the maintenance of a billboard," and "an easement for access to the billboard easement," in favor of Alma School and CBS. It is undisputed the State did not condemn the billboard. The 2002 Judgment awarded Alma School a significant sum for the real estate taken, but awarded CBS nothing "since its claims have not been settled or adjudicated." There is no claim that ADOT paid CBS anything in or as a result of the condemnation.

¶4        After entry of the 2002 Judgment, CBS continued to pay Alma School rent under the lease until it expired on July 31, 2010. In 2010, the parties unsuccessfully attempted to negotiate an extension of the lease. As those negotiations proceeded, CBS first claimed it had the ability to use the billboard as a "co-tenant" under the 2002 Judgment, apart from its rights under the lease. Nearly two months after the lease expired, CBS filed this action seeking declaratory and injunctive relief. Specifically, CBS sought a declaration that it was a "co-tenant" of the easements; that CBS "has the sole right to operate and maintain a billboard or other sign" in the easement area; that Alma School could not eject, evict or oust CBS from the easement area and that Alma School could not "maintain or erect its own billboard or sign structure in the easement premises" or permit anyone other than CBS to do so. Alma School answered and counterclaimed, seeking declaratory and injunctive relief, asserting contract and contract-related claims and seeking holdover rent and attorneys' fees.

¶5        CBS moved for summary judgment, which the superior court denied, finding the 2002 Judgment:

> declared the rights of Alma School and CBS as they related to the State but does not, either expressly or impliedly, change the relationship between Alma School and CBS. The fundamental nature of that relationship -- landlord and tenant -- remains the same although in a modified form that is subject to the State's fee simple title.

¶6        Alma School then moved for summary judgment, seeking a declaration that it was the exclusive owner and beneficiary of the easement. The superior court granted summary judgment for Alma School in part, finding CBS had no ownership rights in the easement, but denied the motion as to Alma School's claims for holdover rent and attorneys' fees. After those remaining claims were resolved, the court entered judgment that, as relevant here, declared Alma School the exclusive owner of the

easement, that CBS' right of possession terminated on July 31, 2010 when the lease expired and dismissed CBS' claims. This court has jurisdiction over CBS' timely appeal pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1) (2016).[2]

## DISCUSSION

¶7         CBS argues it became a co-owner of the easement, and was no longer a lessee, upon the entry of the 2002 Judgment. CBS argues the superior court erred in rejecting its argument that the 2002 Judgment made CBS and Alma School co-owners of the easement and granting summary judgment in favor of Alma School.

¶8         Summary judgment is proper "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This court "determine[s] de novo whether a genuine issue of material fact exists," *Federico v. Maric,* 224 Ariz. 34, 36 ¶ 7 (App. 2010) (citation omitted), and "independently review[s] questions of law," *Logerquist v. Danforth,* 188 Ariz. 16, 18 (App. 1996) (citations omitted). The interpretation of a judgment is a question of law subject to de novo review. *Cohen v. Frey,* 215 Ariz. 62, 66 ¶ 10 (App. 2007).

¶9         When the parties dispute the meaning of a judgment, the court must determine whether the language of the judgment is ambiguous. *Cohen,* 215 Ariz. at 66 ¶ 11; *see also In re Marriage of Johnson & Gravino,* 231 Ariz. 228, 233 ¶ 16 (App. 2012) ("First, we must determine if the decree is ambiguous."). CBS contends *Cohen* is contrary to *In re Marriage of Zale,* which held that "the parol evidence rule, a rule of substantive contract law, does not apply to a judgment." 193 Ariz. 246, 250 ¶ 15 (1999). Recognizing that a judgment may be ambiguous, however, *Zale* added that "'[a] judgment which is ambiguous and uncertain may be read in connection with the entire record and construed accordingly.'" *Id.* at 250-51 ¶ 18 (quoting *Benson v. State,* 108 Ariz. 513, 515 (1972)). Thus, as relevant here, *Cohen* and *Zale* can peacefully co-exist and echo the proposition that a judgment "must be construed in light of the situation of the court, what was before it, and the accompanying circumstances. In cases of ambiguity or doubt the meaning of the judgment must be determined by that which

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

preceded it and that which it was intended to execute." *Paxton v. McDonald*, 72 Ariz. 378, 383 (1951); *accord Benson*, 108 Ariz. at 515.

¶10      As applied, when the State filed the condemnation action in 1996, Alma School owned a fee-simple interest in the land being taken (albeit subject to the lease with CBS) and CBS had a leasehold interest under the lease with Alma School. CBS had no other interest in the land being taken. CBS had no claim of right -- against either Alma School or ADOT -- to obtain an interest greater than it had under the lease.

¶11      In the condemnation, ADOT obtained a fee-simple interest in the land taken and "the extinguishment of any leasehold interest in and to" that land. ADOT paid Alma School for its fee-simple interest in the land being taken. Had ADOT practically ended CBS' rights to use the billboard, it would have been constitutionally required to pay CBS just compensation. *See* Ariz. Const. art. 2 § 17. In the condemnation, however, ADOT did not pay CBS anything. Nor is there any suggestion that ADOT paid Alma School anything for what CBS now claims was a transfer of some of Alma School's rights to CBS. Finally, in the condemnation, ADOT could not properly have given CBS rights to which it was not entitled. *See* Ariz. Const. Art. 9 § 7. As noted by the superior court,

> It is undisputed that the easement reservations in the [2002] Judgment were included in order to absolve the State from paying just compensation to either Alma School or CBS for the taking of the billboard property. CBS's interpretation of the easement language would mean that the [2002] Judgment took a valuable property right from Alma School and gave it CBS without just compensation to Alma School.

> The Court's interpretation of the [2002] Judgment is that it does not give CBS perpetual ownership rights in the easement. CBS's interest in the easement is subject to the terms and conditions of the [lease].

This analysis of the 2002 Judgment, "in connection with the entire record and construed accordingly," is what *Zale* directs should occur. 193 Ariz. at 250-51 ¶ 18 (quoting *Benson*, 108 Ariz. at 515); *accord Paxton*, 72 Ariz. at 383.

¶12 As recognized by the superior court, ADOT did not compensate Alma School or CBS for the lease because the easement maintained the status quo as to the relationship between those parties (Alma School and CBS). Excluding the easement from the land being taken allowed CBS to retain the benefit of its bargain in the lease with Alma School and allowed that lease to continue uninterrupted. CBS' interpretation is contrary to the property rights taken in the condemnation action and contrary to the property rights that were subject to adjudication in the 2002 Judgment, given the amended pleading filed by ADOT. Viewed in the context of what was sought in the condemnation action, there is no basis to conclude that the 2002 Judgment, through the easements, properly reallocated property rights between CBS and Alma School. Although the 2002 Judgment clearly could have used more precise language, and the language it did use is not a model of clarity when viewed in the abstract, given these circumstances, the superior court properly granted summary judgment to Alma School. *See Paxton*, 72 Ariz. at 383 ("In cases of ambiguity or doubt the meaning of the judgment must be determined by that which preceded it and that which it was intended to execute.").[3]

¶13 Both parties request attorneys' fees and costs on appeal pursuant to paragraph 14 of the lease and A.R.S. § 12-341.01. Because CBS did not prevail, its request is denied. As the successful party, Alma School is entitled to an award of its attorneys' fees and costs on appeal pursuant to paragraph 14 of the lease contingent upon compliance with Ariz. R. Civ. App. P. 21.

**CONCLUSION**

¶14 The judgment in favor of Alma School is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[3] Given this resolution, this court need not address the parties' arguments regarding a "Southern Billboard Settlement Agreement."