NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

FRANCENE LAVERNE VINCENT, *Petitioner/Appellee*,

*v.*

PATRICK JUDE SHANOVICH, *Respondent/Appellant*.

No. 1 CA-CV 16-0431 FC
FILED 9-25-2018

Appeal from the Superior Court in Maricopa County
DR2000-095278
The Honorable Stephen M. Hopkins, Judge

**VACATED AND REMANDED**

COUNSEL

The Harrian Law Firm P.L.C., Glendale
By Daniel S. Riley
*Counsel for Respondent/Appellant*

Popp Law Firm, P.L.C., Tempe
By James S. Osborn Popp
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

¶1 Patrick Shanovich appeals the superior court's order denying his motion to set aside a Qualified Domestic Relations Order ("QDRO") because of an alleged clerical mistake and a judgment awarding attorneys' fees to his former spouse Francene Vincent. For lack of appellate jurisdiction, we previously dismissed his appeal of the order denying his motion to set aside the QDRO and vacated the judgment awarding fees. *Vincent v. Shanovich*, 1 CA-CV 16-0431 FC, 2017 WL 1174317, at *1, ¶ 1 (Ariz. App. Mar. 30, 2017) (mem. decision). The Arizona Supreme Court granted Shanovich's petition to review the appellate jurisdiction issue and held that an order granting or denying a motion to correct clerical mistakes, filed pursuant to Arizona Rule of Family Law Procedure ("Rule") 85(A), is appealable under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2). *Vincent v. Shanovich*, 243 Ariz. 269, 270, ¶ 1 (2017). The supreme court directed us to consider the merits of the order denying his motion to set aside the QDRO. *Vincent*, 243 Ariz. at 270, ¶ 13. For the following reasons, we vacate that order and remand for entry of an amended QDRO.

**BACKGROUND**

¶2 Vincent petitioned to dissolve her marriage to Shanovich on August 25, 2000, effectuating service that same day, and the parties divorced in 2002. The Decree awarded Vincent "a one-half (1/2) portion of [Shanovich]'s retirement including employer contribution and accrued interest as of the date of filing the Petition for Dissolution," to be reflected in "a [QDRO] stating such provisions."

¶3 In March 2004, Vincent moved for the entry of a stipulated QDRO "Re: Arizona [State] Personnel Retirement System [("ASRS")] and City of Mesa Deferred Compensation Plan." The motion explained that the QDRO was intended to divide deferred compensation benefits "due in accordance with the terms and conditions of the Decree." The parties do not dispute that the QDRO entered by the superior court in April 2004 was

the stipulated QDRO they submitted.  The QDRO stated it (1) was "intended to meet the requirements of an 'Acceptable Domestic Relations Order'" relating to ASRS and (2) was "an integral part" of the Decree.  The QDRO provided that Vincent was "awarded 50% of [Shanovich]'s annuity, payable at the time and in the manner payments are made to the member pursuant to the retirement benefit elected."  Unlike the Decree, however, the QDRO did not specify the relevant valuation date for that award.

¶4        Years later, when nearing retirement, Shanovich allegedly learned that the ASRS pension plan administrator "interpreted the [QDRO] as awarding [Vincent] one-half of the entire retirement benefit—including the portion of the benefit [Shanovich] has accrued since the parties' divorce."  In March 2016, Shanovich filed a motion to set aside the QDRO under Rule 85, alternatively asserting it contained a clerical mistake under Rule 85(A) (because it did not include the valuation date specified in the Decree) and was void.  The motion attached a six-page proposed Amended QDRO, which included the August 25, 2000 valuation date, but also included several provisions that were not part of the original QDRO.

¶5        In response, Vincent acknowledged that the Decree awarded her one-half of Shanovich's retirement assets as of the date of filing the petition for dissolution.  She did not assert she was entitled to any more of Shanovich's retirement than the Decree awarded to her, but nonetheless maintained that the motion failed to establish a clerical mistake. She explained that several months earlier, she had informed Shanovich that she opposed modifying the QDRO because she considered it to have been entered correctly, it was untimely, and "she did not want to forfeit the survivor and estate-payment provisions in the existing order."

¶6        The superior court denied Shanovich's motion to set aside, reasoning in part that the Decree and the QDRO are unambiguous and were never appealed. Shanovich timely appealed that order.[1]  We have appellate

---

[1]        Shanovich also appealed the superior court's judgment awarding $6,213.75 in attorneys' fees and costs to Vincent.  In our prior memorandum decision, we vacated the award of attorneys' fees and that issue was not addressed by the Arizona Supreme Court.  To the extent that ruling on attorneys' fees is not the law of this case, *see Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 14 (App. 2010), we reaffirm it.  As to the superior court's award of costs in the amount of $3.75, we affirm that award because Shanovich failed to argue such costs were not appropriately awarded to Vincent as the successful party under A.R.S. § 12-341.  Finally, although the superior court

jurisdiction pursuant to A.R.S. § 12-2101(A)(2). *See Vincent*, 243 Ariz. at 272, ¶ 12.

## DISCUSSION

### A. Clerical Mistake

**¶7** Shanovich argues the superior court erred in concluding the discrepancy between the Decree and the QDRO was not a clerical mistake. We review a ruling on a motion for clerical mistake under Rule 85 for an abuse of discretion. *See Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012) (addressing a motion to set aside judgment pursuant to Rule 85(C)); *see also* Ariz. R. Fam. L.P. 85(A) ("Clerical mistakes . . . may be corrected by the court. . . ."). We review de novo the interpretation of a decree. *See Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007) (citation omitted).

**¶8** "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders." Ariz. R. Fam. L.P. 85(A). A clerical mistake "occurs when the written judgment fails to accurately set forth the court's decision[,]" while "[a] judgmental error occurs when the court's decision is accurately set forth but is legally incorrect." *Vincent*, 243 Ariz. at 271, ¶ 8 (citing *Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 142–43 (App. 1987) (addressing Ariz. R. Civ. P. 60(a), which, at the time, was textually identical to Rule 85(A)). When considering an alleged clerical mistake, "the family court should examine the record to determine whether the judgment accurately recorded the court's intent. If not, the judgment should be corrected." *Id.* (citation omitted). The judgment at issue "must be construed in light of the situation of the court, what was before it, and the accompanying circumstances. In cases of ambiguity or doubt[,] the meaning of the judgment must be determined by that which preceded it and that which it was intended to execute." *Benson v. State ex rel. Eyman*, 108 Ariz. 513, 515 (1972) (quoting *Paxton v. McDonald*, 72 Ariz. 378, 382 (1951)).

**¶9** The Decree, which directs division of Shanovich's retirement "as of the date of filing the Petition for Dissolution" (which also was the date of service), is in accord with Arizona law that only community property as of the time of service of a petition for dissolution is subject to

---

awarded Vincent an additional $510 in attorneys' fees, that ruling is not challenged on appeal.

distribution in a decree. *See* A.R.S. §§ 25-211(A)(2), -213(B), -318(A). Additionally, other portions of the QDRO, including those addressing the consequences of Shanovich's withdrawal or death, use August 25, 2000 as the valuation date, making clear the valuation date is tied to the amount of Vincent's benefit as of the petition's filing date. Moreover, the supreme court's instruction on remand was for us to "consider whether the QDRO accurately reflects the family court's intent expressed in the [Decree] to award Vincent a one-half portion of Shanovich's retirement 'as of the date of filing the Petition for Dissolution.'" *Vincent*, 243 Ariz. at 272, ¶ 13.

¶10         Given this express directive, the unambiguous language of the Decree, and other provisions in the QDRO, the QDRO is not complete in that it failed to make clear that Shanovich's retirement is to be divided as of the petition's filing date. Because the QDRO does not accurately reflect the Decree, the QDRO contains a clerical mistake. *See* Ariz. R. Fam. L.P. 85(A) (noting clerical mistakes include those "arising from oversight or omission"); *accord Vincent*, 243 Ariz. at 271, ¶ 8 (explaining a clerical mistake "is inadvertent and may be a misstatement or an omission"). It was error not to correct that clerical mistake. We therefore vacate the order denying Shanovich's motion to set aside the QDRO and remand for entry of an amended QDRO directing the division of Shanovich's retirement benefits as of August 25, 2000.

### B.    Attorneys' Fees On Appeal.

¶11         Both parties request attorneys' fees incurred on appeal pursuant to Rule 31, which authorizes the sanctions against an attorney or party who advances a position that is not well-grounded in fact or made in good faith. Because neither party has shown that the other asserted such arguments on appeal, their requests are denied. Vincent also requests an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324(A). Given the lack of evidence regarding the financial positions of the parties, and because Shanovich has shown that a clerical mistake occurred, we deny Vincent's request. As the successful party on appeal, Shanovich is awarded his costs on appeal, subject to his compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶**12**        The superior court's order denying Shanovich's motion to correct the clerical mistake in the QDRO is vacated.  The case is remanded for entry of an amended QDRO that matches the Decree by directing the division of Shanovich's retirement benefits as of August 25, 2000.



AMY M. WOOD • Clerk of the Court
FILED:   AA