NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SAMUEL MCSMITH, *Appellant.*

No. 1 CA-CR 23-0059
FILED 2-27-2024

Appeal from the Superior Court in Maricopa County
No. CR2018-153124-001
The Honorable Tracy Renee Nadzieja, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Kevin M. Morrow
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1        Samuel McSmith appeals the trial court's decision that he violated probation and the subsequent order adding three more years to his probation. For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2019, Samuel McSmith was charged with two counts of aggravated driving under the influence. McSmith pled guilty to one charge while the other was dismissed. McSmith was sentenced in accord with the plea agreement, to eight months in prison, followed by three years of probation. McSmith signed the "Uniform Conditions of Supervised Probation" document, acknowledging he would, among other things, "provide the [Adult Probation Department ("APD")] safe, unrestricted access to my residence and receive prior approval of the APD before changing my residence" and would "reside in a residence approved by the APD."  Both provisions were part of "Term 7" of the uniform conditions document.

¶3        Once released from prison, McSmith moved into a shelter; he left just two days later claiming it was unhealthy. McSmith returned to his previous job located on 19th Avenue between Deer Valley and Pinnacle Peak Road. To be close to work, he informed APD he would be residing at the cross-streets of 19th Avenue and Deer Valley.

¶4        In June 2022, after many unsuccessful attempts to contact McSmith where he claimed to be living, APD verbally disapproved of McSmith living at the cross-streets of 19th Avenue and Deer Valley, giving him a 30-day deadline to change his residence. Three weeks later, during a meeting between McSmith and APD at its office, McSmith signed a document acknowledging that he lived at the specified cross-streets of 19th

Avenue and Deer Valley but directing him to contact and reside in a half-way house or sober living home.

**¶5**        The following week, McSmith voluntarily telephoned APD, informing his probation officer that he was at a hotel due to a medical procedure. He invited the probation officer to visit him there. Approximately two weeks later, APD petitioned to revoke probation, based on a violation of Term 7, and requested a warrant for McSmith's arrest. McSmith turned himself in without incident.

**¶6**        After a witness violation hearing, the trial court found McSmith violated Term 7 of the conditions of probation. McSmith was subsequently reinstated on standard probation for an additional three years. McSmith timely appealed. Under Article 2, Section 24, and Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1), this Court has jurisdiction.

## DISCUSSION

**¶7**        A trial court's decision to revoke probation is reviewed for an abuse of discretion. *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973). "This court will uphold the superior court's 'finding that a probationer has violated probation unless the finding is arbitrary or unsupported by any theory of evidence.'" *State v. Vaughn*, 217 Ariz. 518, 521, ¶ 14 (App. 2008) (quoting *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (1999)).

**¶8**        Probation may be revoked when the defendant violates a condition of his probation. A.R.S. § 13-901(C). The process for revocation of probation is outlined in Arizona Rule of Criminal Procedure (collectively "Rules") 27 and requires that the probationer be provided a written copy of the conditions and regulations. Ariz. R. Crim. P. 27.1(b). Proof of a probation violation is established by a preponderance of the evidence. Ariz. R. Crim. P. 27.8(b)(3). "To revoke a defendant's probation, [i]t is enough for the trial court to have a reason to believe that the individual is violating the conditions of his probation or engaging in criminal practices[.]" *State v. Tatlow*, 231 Ariz. 34, 39, ¶ 15 (App. 2012) (internal quotation marks omitted).

**¶9**        McSmith contests the sufficiency of the evidence supporting the trial court's finding that he violated Term 7 of his probation.[1] When

---

[1] McSmith also contends he did not change his residence, maintaining that he continued to reside at the cross-streets, clarifying his two-night stay at the hotel was solely for a medical procedure. Since McSmith did not have

evaluating challenges to probation revocations, this Court does not reweigh evidence to determine its sufficiency but instead reviews only for the presence of substantial evidence supporting the court's determination. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). Substantial evidence is "[m]ore than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached." *Id.* (quoting *State v. Tison*, 129 Ariz. 546, 553 (1981)). Further, a term of probation is punishment for the commission of a crime. *State v. Montgomery*, 115 Ariz. 583, 584 (1977). "To remain at liberty under a suspended sentence is not a matter of right but a matter of [legislative] grace." *State v. Crowder*, 103 Ariz. 264, 265 (1968) (quoting *State v. Maxwell*, 97 Ariz. 162, 164 (1965)); *accord State v. Smith*, 112 Ariz. 416, 419 (1975). Compliance with probation terms is the responsibility of the defendant. *State v. Hulon*, 16 Ariz. App. 429, 431 (1972).

**¶10**        The record establishes that, in accordance with the Rules, McSmith was provided with "a written copy of the conditions and regulations" in 2021. Ariz. R. Crim. P. 27.1(b). Term 7 of those conditions required that McSmith's residence be approved, and indeed, the location of 19th Avenue and Deer Valley had been approved as McSmith's residence until June 28, 2022. But APD orally revoked that approval and informed McSmith he had 30-days to relocate to a half-way house or sober living facility. This was his notice that he was in violation of Term 7.

**¶11**        Three weeks later, when McSmith met with APD, he was provided resources for half-way houses and other sober living facilities, bus passes and was again told that the location at which he had been staying was no longer approved. He was provided written notice during this meeting, curing any defect with the prior verbal notice. *State v. Stotts*, 144 Ariz. 72, 78 (1985) (establishing that providing probationer with written conditions and probationer's acknowledgement cured any unenforceability of the conditions). McSmith's probation officer testified that McSmith contacted her to say he was staying in a motel—not a half-way house or sober living facility as instructed. The probation officer further testified that she understood that McSmith was residing at this motel and that it was not an approved residence under the terms of his probation. For his part, McSmith testified that he did not suggest, expressly or implicitly, that the motel was his new residence. Nevertheless, the court found McSmith violated Term 7 of his probation. Implicit in the court's decision is its resolution of the conflict between the evidence. Though McSmith

---

an approved residence, wherever he claims it was, as required by Term 7, this Court need not address the issue of whether he changed his residence.

adamantly contested it, his parole officer's testimony presented sufficient evidence to support a violation of Term 7. *Guerra*, 161 Ariz. at 293.

**CONCLUSION**

**¶12**     For the foregoing reasons, this Court affirms the court's order that McSmith resume three years of probation.



AMY M. WOOD • Clerk of the Court
FILED:     AA